IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CYLUS JAMES WILLIAMS,<br>(TDCJ No. 01636845), | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | CIVIL ACTION NO.<br>1:16-CV-190-BL |
| ESTEVON A. GARZA,<br>Correctional Officer,<br>TDCJ Robertson Unit, | ) ) ) ) ) | |
| Defendant. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Although the parties were informed of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), as not all parties have chosen to consent, the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). Based on the relevant filings and applicable law, all remaining claims should be **DISMISSED** for lack of prosecution. After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

### I.  BACKGROUND

Plaintiff Cylus James Williams, acting *pro se*, filed a civil complaint seeking relief under 42 U.S.C. § 1983 to open this action After he filed a more definite statement of his claims in compliance with a Court order, the undersigned magistrate judge entered an order partially dismissing some claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). (Doc. 13.) The Court directed service of process on defendant Estevon Garza, and Garza filed an answer asserting, in part,

the defense of qualified immunity. (Docs. 14, 16.) The Court then issued an initial scheduling order, expressly directing Plaintiff Williams to filed a detailed reply to the defendant's assertion of the defense of qualified immunity pursuant to Federal Rule of Civil Procedure 7(a)(7) by no later than August 17, 2018. (Doc. 18.) That order included the express directive in all bold letters: **Plaintiff is advised that failure to timely file a reply could result in the dismissal of Plaintiff's claims for lack of prosecution**. (Doc. 18.) As of this date, Plaintiff has not filed a Rule 7 reply and has not otherwise filed any other document responsive to the Court's order.

## II.   APPLICABLE LAW/ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff Williams has failed to timely file a Rule 7 reply in spite of the express directive that he could be subject to dismissal, the remaining claims in this case should be dismissal under authority of this provision for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that all remaining claims of Plaintiff Cylus James Williams be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Signed August 24, 2018.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE